IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:99cr19-RH

SYLVESTER SMITH,

    Defendant.

_____/

**ORDER DENYING MOTION TO REDUCE
SENTENCE UNDER AMENDMENT 706**

    The defendant Sylvester Smith moved to appoint counsel and to reduce his sentence based on United States Sentencing Guidelines Amendment 706. I appointed Federal Public Defender Randolph P. Murrell. Mr. Murrell moved to withdraw, indicating he had reviewed the record and provided Mr. Smith with an analysis but did not intend to take further action. I granted the motion to withdraw. This order now denied the motion to reduce sentence. Mr. Smith was sentenced as a career offender, not based on the crack-cocaine guideline that was reduced by Amendment 706. He is not eligible for a reduction.

    The Sentencing Guidelines establish a guideline range for each defendant. The range is based on the defendant's "total offense level" and "criminal history

category." The total offense level is based on the defendant's "base offense level" with increases or decreases based on specific offense characteristics. For drug offenses, the base offense level ordinarily turns on the type and quantity of drugs properly attributed to the defendant. *See* U.S. Sentencing Guidelines Manual § 2D1.1 (2007) (hereafter cited as "*Guidelines Manual*"). For a defendant who is a "career offender," however, the base offense level is the greater of the drug offense level or the career-offender level. *See id.* § 4B1.1(b).

Amendment 706 reduces the crack-cocaine base offense level. In most cases the amount of the reduction is two levels. Amendment 706 does not, however, affect the separate career-offender base offense level. The offense level of a career offender is determined under a wholly separate guideline. A district court may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission.*" 18 U.S.C. § 3582(c)(2) (emphasis added). But a district court must not reduce the sentence of a defendant whose range has not been lowered. Because the career-offender guideline range has not been changed, Mr. Smith is not eligible for a reduction. The Eleventh Circuit has squarely so held. *See United States v. Moore*, 541 F. 3d 1323, 1327 (11th Cir. 2008).

For these reasons,

IT IS ORDERED:

1. The defendant Sylvester Smith's motion to reduce sentence (document

176) is DENIED.

    2.  The clerk must provide a copy of this order to Mr. Smith himself by mail and to the attorney for the government and Federal Public Defender Randolph P. Murrell through the electronic filing system.

    SO ORDERED on February 24, 2009.

                                             s/Robert L. Hinkle
                                             Chief United States District Judge